JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

TREVOR L. RUSIN (CABN 241940)
Assistant United States Attorney
   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3695
   Fax: (510) 637-3724
   E-Mail: trevor.rusin@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 10-0469 CW |
|     Plaintiff, ) | |
| v. ) | [~~PROPOSED~~] ORDER DETAINING DEFENDANT PENDING TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
| ANTOINE NICHOLAS MOORE, ) | |
|     Defendant. ) | |

I. DETENTION ORDER

Following a hearing on July 13, 2010, under 18 U.S.C. § 3142(f), and considering the factors set forth in section 3142(g), the Court finds that no condition or combination of conditions in section 3142(c) will reasonably assure the defendant's appearance in this case or the safety of any other person or the community.  Specifically, the Court notes the defendant's criminal history, as documented in the Pretrial Services report, his parole status at the time of the charged conduct, and that the charged offense involved a firearm.  The defendant is presently in state custody for violating the terms of his state probation.   The Court, therefore, orders that the defendant be detained pending trial should he be released from state custody.

At the July 13, 2010 hearing, the defendant was advised of his rights, including his right to present evidence under section 3142(f). The defendant declined to present additional information, but reserved his right to present information at a future bail hearing should his circumstances change.

## II.  SPEEDY TRIAL EXCLUSION

For the reasons stated in open court on July 13, 2010, as stipulated to by the parties, the Court excluded time under the Speedy Trial Act from July 13, 2010, to July 28, 2010, to enable defense counsel to investigate the matter, including review of discovery. The Court found that (A) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and (B) the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(1)(7)(A) & (B)(iv).

## III.  CONCLUSION

The Court detains the defendant as a danger to the community and as a flight risk without prejudice to his raising the bail issue at a future hearing where he can present evidence, and excludes time under the Speedy Trial Act as set forth above. Should the defendant be released from state custody, the Court orders that the defendant be committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with counsel. *See id.* § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance. *See id.* § 3142(i)(4).

IT IS SO ORDERED.

DATED: July 16, 2010

LAUREL BEELER
United States Magistrate Judge

Case 4:10-cr-00469-CW   Document 8   Filed 07/16/10   Page 3 of 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[P̶R̶O̶P̶'̶D̶] ORD. RE DET. & EXCL. TIME
NO. CR-10-00132 DLJ (LB)                  3